JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Plaintiff-appellant Curtis Johnson appeals the Unemployment Compensation Review Commission's determination, affirmed by the common pleas court, that he was fired for just cause and properly denied unemployment-compensation benefits. We affirm.
Johnson was terminated from his job as a general operator at Schulte Metal Finishing, Inc., on September 11, 2002, for alleged insubordination. The Director of the Ohio Department of Job and Family Services initially determined that there was not enough fault on Johnson's part to warrant his dismissal.
Schulte appealed to the Unemployment Compensation Review Commission. A hearing was held to determine whether Johnson was fired for just cause. On March 11, 2003, a hearing officer with the review commission reversed the director's decision and determined that there was just cause for Johnson's dismissal.
At the just-cause hearing, Tyra Schmidt, an environmental health and safety lab manager at Schulte, testified about Johnson's work record. Schmidt stated that there were several documented instances of Johnson's insubordination at work.
For example, Schmidt testified that on October 17, 2001, Johnson was given a written warning for taking an unauthorized coffee break on non-break time. The written warning followed "several verbal warnings from management regarding Mr. Johnson's persistent habit of leaving his work area and loitering in the front office break area during his regularly scheduled work time." Several days later, Johnson received a written warning for failing to wear proper safety equipment in the facility. Specifically, Johnson refused to use protective eye wear, even after repeated verbal warnings. And in November 2001, Johnson received another written warning for stopping the automatic assembly line without supervisor approval. Again, the written warning followed several verbal warnings issued for the same behavior.
In addition, Schmidt testified that, in May 2002, Johnson was seen smoking on the job, which was strictly prohibited. When asked to put out his cigarette, Johnson refused. On that date, he also refused to wear his safety glasses, claiming that it was too hot. Schmidt testified that in July 2002 management observed Johnson conduct union business on company time. And on September 9, 2002, several days before he was fired, Johnson refused to follow the direction of a technician to help on the rack-plating line.
The hearing officer determined that Schulte had established just cause for Johnson's dismissal. The review commission declined to review the hearing officer's decision. On February 12, 2004, the common pleas court affirmed that Johnson was fired for just cause.
When we review a decision of the commission, we can reverse the decision only if we determine that it was unlawful, unreasonable, or against the manifest weight of the evidence.[1] All reviewing courts share this standard of review.[2]
Having reviewed the record, we conclude that the review commission's decision was not unlawful, unreasonable, or against the manifest weight of the evidence. Schulte presented ample evidence at the just-cause hearing to demonstrate Johnson's repeated acts of disobedience and misconduct. "Just cause" is "that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act."[3] We agree with the review commission's decision that Schulte was justified in dismissing Johnson. Therefore, we overrule Johnson's assignment of error and affirm the trial court's judgment.
We note that while Johnson loses this battle, he has apparently won the war. At oral argument before this court, Johnson attempted to enter into the record documentation concerning an April 2004 arbitrator's award ordering his reinstatement at Schulte with full back pay from the date of his dismissal. Johnson also attempted to submit evidence of Schulte's subsequent attempts to settle the matter with him.
We cannot consider the documents offered by Johnson, as they are irrelevant and not properly before us as part of the record. They do not concern Johnson's appeal from the review commission's decision.
But we note, for Johnson's benefit, that if the proffered documents are true, even had we reversed the review commission's determination and ruled in Johnson's favor, Johnson still could not collect unemployment-compensation benefits. That is, Johnson could not collect both his back pay awarded by the arbitrator and unemployment-compensation benefits for the same time period. That would be double compensation.
In any event, we affirm the trial court's judgment that Johnson was dismissed for just cause.
Further, a certified copy of this Judgment Entry shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Painter and Sundermann, JJ.
[1] R.C. 4141.282(H).
[2] See Tzangas, Plakas Mannos v. Ohio Bur. of Emp. Services,73 Ohio St.3d 694, 696, 1995-Ohio-206, 653 N.E.2d 1207.
[3] See Irvine v. Ohio Unemployment Compensation Bd. (1985),19 Ohio St.3d 15, 17, 482 N.E.2d 587.